IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                                                            ORDER

                      Plaintiff,

                                                                         10-cv-335-bbc

     v.

RICK RAEMISCH
and PETER HUIBREGTSE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Titus Henderson is a prisoner at the Wisconsin Secure Program Facility and a litigant who has accumulated three strikes for filing actions that are without merit. He filed this civil action in the Circuit Court for Dane County, Wisconsin. On June 21, 2010, defendants Rick Raemisch and Peter Huibregste filed a notice of removal of the case to this court, under 28 U.S.C. §§ 1441 and 1446. Dkt. #2. In addition, defendants filed a motion asking the court to screen plaintiff's complaint under 28 U.S.C. § 1915A and for an extension of time to file an answer to the complaint. Dkt. #3.

      Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for

1

summary remand must be issued. In determining whether removal is proper under 28 U.S.C. § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. <u>Doe v. Allied-Signal, Inc.</u>, 985 F.2d 908, 911 (7th Cir. 1993); <u>Illinois v. Kerr-McGee Chemical Corp.</u>, 677 F.2d 571, 576 (7th Cir. 1982).

In examining the notice of removal, I have reviewed the amended complaint attached to the notice. In the caption of the amended complaint, plaintiff names as defendants the two removing defendants, Rick Raemisch and Peter Huibregste, and 30 other Department of Corrections employees. Plaintiff's claims against the defendants cover many aspects of his confinement, including allegations that defendants denied him his mail, retaliated against him for exercising his right to free speech, denied him procedural due process, discriminated against him because of his race, denied him medical care, kept him in solitary confinement for an "indefinite" period, forced him to live unsanitary conditions and denied him books and other materials. In addition, plaintiff alleges that he is in need of medical care for various ailments and that defendant Huibregste and other non-removing defendants are denying his requests for treatment, interfering with his treatment in other ways and exacerbating the effects of his illnesses by banging on his cell windows and doors with a steel pipe.

A question remains whether defendants have complied with the procedures set forth

in 28 U.S.C. § 1446 for removing a case to federal court. The notice of removal does not include any explanation for the failure of all the defendants to join in the removal, as required by Northern Illinois Gas v. Airco Industrial Cases, 676 F.2d 270, 273 (7th Cir. 1982) (removal petition filed by fewer than all named defendants defective where no explanation for absence of codefendants). Therefore, I will allow defendants Raemisch and Huibregste a short period of time within which to perfect the notice of removal to include the required explanation. Defendants' motion to screen plaintiff's complaint and for an extension of time to file an answer will be stayed pending receipt of their amended notice of removal.

One final matter bears comment. In his amended complaint in this case, plaintiff purports to be bringing claims on his own behalf as well as "all those similarly situated." In another lawsuit plaintiff filed in this court, Henderson v. Raemisch, 08-cv-390-bbc, plaintiff attempted to file a group complaint that was not signed by all of his supposed co-plaintiffs. When plaintiff failed to show good cause for his false representation to the court, I entered an order on October 22, 2008, barring plaintiff from bringing any more lawsuits in this court in which he names anyone other than himself as a plaintiff. Plaintiff is reminded that this sanction stands and he is cautioned against attempting to file claims on behalf of other litigants in this court.

3

ORDER

IT IS ORDERED that

1. Defendants Raemisch and Huibregste may have until July 8, 2010, in which to submit an amended notice of removal in which they explain why the other defendants in this case did not join in the removal.

2. Defendants' motions to screen plaintiff's complaint and for an extension of time, dkt. #3, are STAYED.

Entered this 1st day of July, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge