IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                                          ORDER
                    Plaintiff,

                                                      10-cv-335-bbc
          v.

RICK RAEMISCH, PETER HUIBREGTSE,
MARK HEISE, DANIEL WESTFIELD,
JOHN VALENTI, KATHERYN ANDERSON,
GARY BOUGHTON, ALPHONZO GRAHAM,
DAVID WHITE, DAVID GARDNER,
ELLEN RAY, CAPT. BOISEN,
MICHAEL HANFELD, LESLIE BROWN,
JUDITH HUIBREGTSE, TRACEY GERBER,
LARRY PRIMMER, SAM JONES,
MARK CARPENTER, MATTHEW SCULLION,
JENNIFER SICKINGER, KELLY TRUMM,
CO II B. McCULLICK, CO II COCKROFT,
T.M. BROWN, JEREMY CAYA, BURTON COX,
SGT. ROBINSON, SGT. BROWN,
BUNNY STROEBNER and CO II TIM JONES,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

          Defendants have removed this prisoner civil rights case from the Circuit Court for

Dane County, Wisconsin pursuant to 28 U.S.C. §§ 1441 and 1446.  Plaintiff's motion to

remand is now before the court.  Dkt. #10.  The motion is somewhat difficult to follow, but

1

plaintiff seems to be raising two concerns: (1) defendants allegedly removed the case to this court to make plaintiff pay a second filing fee or have the case dismissed pursuant to 28 U.S.C. § 1915(g); and (2) defendant John Valenti did not join the other defendants' notice of removal, as required by 28 U.S.C. § 1446.

Plaintiff's first concern is misplaced.  He is correct that he has "struck out" under 28 U.S.C. § 1915(g) and <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007), because at least one claim in three or more cases filed by plaintiff has been dismissed on the ground that it was frivolous or failed to state a claim upon which relief may be granted: <u>Henderson v. Belfuel</u>, 03-cv-729-bbc (decided Mar. 16, 2004); <u>Henderson v. Kool</u>, 05-cv-157-bbc (decided Apr. 25, 2005); <u>Henderson v. Brush</u>, 06-cv-12-bbc (decided Mar. 6, 2006); and <u>Henderson v. Morris</u>, 06-cv-407-bbc (decided Nov. 14, 2006).  This means that, when he files a case in federal court, he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> unless he is in imminent danger of serious physical injury.  However, § 1915(g) does not apply to this case because *plaintiff* did not file the case in federal court; defendants removed it.  Thus, under 28 U.S.C. 1914(a), defendants were required to pay the filing fee, which they have done.

Plaintiff's second objection is more substantial because "valid removal generally requires the unanimous consent of all defendants." <u>Pettitt v. Boeing Co.</u>, 606 F.3d 340, 343 (7th Cir. 2010).  When defendants filed their notice of removal, it was not joined by defendant Valenti.  He has since consented to removal in writing, which is generally

sufficient to cure the defect. <u>Roe v. O'Donohue</u>, 38 F.3d 298, 301 (7th Cir.1994), <u>abrogated on other grounds by</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999) ("A petition for removal fails unless all defendants join it. . . . To 'join' a motion is to support it in writing.")  However, a question remains because defendants were served with the complaint on June 2, 2010, but Valenti did not file his consent until July 12, 2010. Under 28 U.S.C. § 1446(b), a valid notice of removal must be filed within 30 days of service, which suggests that Valenti's consent may have come too late.

It seems that plaintiff did not address the timeliness issue in his motion because he mailed it before he was served with Valenti's consent letter. (Plaintiff's motion is dated July 12, the same day Valenti filed the letter.)  Defendants have not addressed the issue because they have filed no response to the motion to remand.  Accordingly, I will give both sides an opportunity to address the question whether this case should be remanded on the ground that defendants failed to file a valid notice of removal within 30 days of service of the complaint.

ORDER

IT IS ORDERED that the parties may have until August 11, 2010 to submit a brief to the court addressing the question whether this case should be remanded to state court on the ground that defendants' failure to comply with the 30-day deadline in 28 U.S.C. §

3

1446(b).

Entered this 29th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4

5