IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                                ORDER

              Plaintiff,

                                              10-cv-335-bbc

     v.

RICK RAEMISCH, PETER HUIBREGTSE,
MARK HEISE, DANIEL WESTFIELD,
JOHN VALENTI, KATHERYN ANDERSON,
GARY BOUGHTON, ALPHONZO GRAHAM,
DAVID WHITE, DAVID GARDNER,
ELLEN RAY, CAPT. BOISEN,
MICHAEL HANFELD, LESLIE BROWN,
JUDITH HUIBREGTSE, TRACEY GERBER,
LARRY PRIMMER, SAM JONES,
MARK CARPENTER, MATTHEW SCULLION,
JENNIFER SICKINGER, KELLY TRUMM,
CO II B. McCULLICK, CO II COCKROFT,
T.M. BROWN, JEREMY CAYA, BURTON COX,
SGT. ROBINSON, SGT. BROWN,
BUNNY STROEBNER and CO II TIM JONES,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      The parties have responded to the court's July 30 order, directing them to address the question whether this case should be remanded to state court because defendant John Valenti did not join the notice of removal within 30 days of service of the complaint. 28

1

U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." See also Pettitt v. Boeing Co., 606 F.3d 340, 343 (7th Cir. 2010). ("[V]alid removal generally requires the unanimous consent of all defendants."); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir.1994), abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) ("A petition for removal fails unless all defendants join it. . . . To 'join' a motion is to support it in writing."). Initially, plaintiff moved to remand the case because Valenti had failed to join the removal, but the issue changed to one of timeliness when Valenti filed his consent with the court on July 12, dkt. #9, more than 30 days after the complaint was served on the other defendants on June 2.

In his response, plaintiff argues that Valenti's consent should be deemed untimely and the case should be remanded. In his response, defendant Valenti does not argue that he was served with the complaint after June 2 or cite any legal authority for the view that remand is inappropriate despite his failure to file a timely consent. Instead, the gist of Valenti's argument seems to be, "it's not my fault":

> In this case, Deputy Corporation Counsel Robert E. Andrews [defendant Valenti's lawyer] had discussions with the Assistant Attorney General Joseph T. Ganzer regarding representing all Defendants. During the course of those discussions, Mr. Andrews informed Mr. Ganzer that the County had no objections to removal. Initially, Mr. Ganzer filed a Notice of Removal to Federal Court on behalf of all Defendants. On July 8, 2010 Mr. Ganzer informed counsel for Mr. Valenti that he could not represent Mr. Valenti in

2

>this matter. Mr. Ganzer then filed an Amended Notice of Removal. On that same date, July 8, 2010, Mr. Andrews directed Principal Assistant Corporation Counsel Roy L. Williams to promptly file a letter with the court regarding consent to removal. (Andrews Affidavit) Mr. Williams then drafted a letter dated July 8, 2010 [but not filed with the court until July 12] stating that the Defendant had no objections to removal. If the Attorney General's office had not filed the notice on behalf of all Defendants, then the Office of Corporation Counsel would have filed one on behalf of Mr. Valenti in a timely fashion.

Dft. Valenti's Br., dkt. #12, at 1-2.

This discussion does not save the case from being remanded. First, the initial notice removal was not filed on behalf of "all defendants." As I noted in an order dated July 1, 2010, dkt. #4, defendants Rick Raemisch and Peter Huibregtse were the only defendants identified in that notice. Further, defendant Valenti does not argue in his brief that the assistant attorney general had the authority to act on Valenti's behalf at that time. Thus, all defendants had not joined the notice of removal until July 12. It may be that miscommunication among counsel caused the delay, but the removal statute does not contain a "fairness exception" to the unanimity and timeliness requirements. Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) ("There are several . . . bright line limitations on federal removal jurisdiction . . . that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.").

Accordingly, I agree with plaintiff that remand is required. Although defects in the

3

notice of removal may be waived, <u>Doe v. GTE Corp.</u>, 347 F.3d 655, 657 (7th Cir. 2003), if the plaintiff objects in a timely manner, the defendants cannot cure a failure to obtain timely unanimous consent.   <u>Loftis v. United Parcel Service, Inc.</u>, 342 F.3d 509, 516 (6th Cir. 2003) ("[A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of" complaint); <u>Daniel v. Anderson County Emergency and Rescue Squad</u>, 469 F. Supp. 2d 494, 496 (E.D. Tenn. 2007) ("Failure to timely obtain unanimous consent forecloses removal under Section 1446."); <u>Production Stamping Corp. v. Maryland Casualty Co.</u>, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993) ("[I]f all the defendants do not join in or consent to the removal petition within the thirty-day period, 'the district court shall remand the case.'") (quoting 28 U.S.C. § 1447(c)).  Because plaintiff objected to the notice of removal within the 30 days required by 28 U.S.C. § 1447(c), his motion to remand must be granted.

ORDER

IT IS ORDERED that plaintiff Titus Henderson's motion to remand, dkt. #10, is

GRANTED.  This case is REMANDED to the Circuit Court for Dane County, Wisconsin.

Entered this 16th day of August, 2010.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge